UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| IN RE:<br><br>HARBOR HOUSE OF GLOUCESTER, LLC,<br><br>Debtor. | Case No. 10-23078-HJB |
| JOSEPH BRAUNSTEIN, CHAPTER 7 TRUSTEE OF HARBORHOUSE OF GLOUCESTER, LLC,<br><br>Plaintiff,<br>v.<br><br>RAYMOND C. GREEN, INC., AS TRUSTEE OF RAYMOND C. GREEN TRUST and CONNECT PLUS INTERNATIONAL CORPORATION,<br><br>Defendants. | Adversary Proceeding No. 11-1351 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

      The Plaintiff, Joseph Braunstein, Chapter 7 Trustee of Harbor House of Gloucester, LLC (the "Trustee") submits this memorandum in support of his motion for summary judgment on Counts I and III of the Complaint filed in this Adversary Proceeding. The Defendant, Raymond C. Green, Inc., as Trustee of Raymond C. Green Trust ("Green") asserts a secured claim in the amount of $795,926.56 against the Debtor, Harbor House of Gloucester, LLC (the "Debtor"), based upon a lost promissory note secured by a mortgage on property of the estate located at 90 Rantoul Street, Beverly, Massachusetts. Contrary to the claims contained in Green's Proof of Claim, Green is not a "holder" of the subject note. It is undisputed that Green is not, and has never been, in possession of the original instrument of indebtedness, and consequently does not

meet the statutory requirements of one entitled to enforce a lost instrument set forth in G.L. c. 106, § 3-309.  Indeed, the original note was lost prior to its transfer to Green, and Green cannot produce an allonge affixed to the original note as required by <u>In re Shapoval</u>, 441 B.R. 392 (Bankr. D. Mass. 2010).  Consequently, Green cannot enforce the subject promissory note, and its Proof of Claim, which is based solely upon the note, must be denied in its entirety.  Additionally, the Trustee requests that the Court determine that Green cannot assert a claim against the subject property or against the estate solely by virtue of being the assignee of a mortgage on the Rantoul Street Property, which purports to provide security for the subject note, since as a matter of law, a mortgage is unenforceable if the underlying obligation secured by the mortgage is itself unenforceable.  Consequently, Green's claim must be barred, and the Court should enter an order so declaring.[1]

## STATEMENT OF UNDISPUTED MATERIAL FACTS OF RECORD

The Debtor Harbor House of Gloucester, LLC (the "Debtor") was formed in 2003 by Robert Lockwood II ("Lockwood") as a limited liability company.  On or about August 9, 2004, the Debtor acquired a building located at 90 Rantoul Street, Beverly, Massachusetts (the "Rantoul Street Property"), which consists of a restaurant and two residences, from Timothy A. Murphy ("Murphy") for the sum of one dollar ($1.00) and the assumption encumbrances of record on the Rantoul Street Property.  The encumbrances of record on the Rantoul Street Property included a mortgage dated December 17, 1999 and recorded in the Southern Essex Registry of Deeds in Book 16108, Page 35 (the "Mortgage," Exhibit A), held by Phillip J.

---

[1] If the Court allows the Trustee's motion for summary judgment on Counts I and III, then his claims asserted in Counts II and IV of the Complaint are moot.  Determination of Counts II and IV would require fact-finding by the Court as to the amount and enforceability of Green's claim, but would not need to be addressed if the Court were to determine that Green's claim is unenforceable, as the Trustee urges in this motion.

2

Hansbury, Trustee of the 90 Rantoul Real Estate Trust ("Hansbury").  The Mortgage secured an obligation of the same date in the original principal amount of $360,000.00, memorialized by a promissory note (the "1999 Note," Exhibit B), of which Hansbury was the holder and Murphy its maker.

At some time prior to May 15, 2006, the 1999 Note was lost.  Hansbury was the holder of the 1999 Note at the time of its loss, and executed an Affidavit of Lost Note on or about May 15, 2006 to that effect (Exhibit C).  On or about May 15, 2006, Hansbury assigned, for consideration, a copy of the 1999 Note to Connect Plus International Corporation ("CPIC"), a corporation of which Lockwood was President, Treasurer and sole Director, pursuant to an Allonge (Exhibit D).  Hansbury also assigned the Mortgage to CPIC (Exhibit E).

On or about March 9, 2007, CPIC purported to assign the 1999 Note to Green through the execution of an Allonge to the 1999 Note, which recited that CPIC was assigning the 1999 Note to Green to secure a $150,000 loan by Green to CPIC, and that the outstanding balance on the 1999 Note was $602,557.73 as of the date of execution (Exhibit F).  The Allonge was not affixed to the original 1999 Note, which had been lost (Exhibit C).  CPIC also purported to assign the Mortgage to Green (Exhibit G).

The Debtor filed for relief under Chapter 11 of the Code on or about December 1, 2010. Joseph Braunstein was appointed Chapter 11 Trustee on July 20, 2011. On or about November 3, 2011, Green filed a Proof of Claim against the Debtor's estate, asserting a claim in the amount of $795,926.56, secured by the Mortgage on the Rantoul Street Property (Exhibit H).   On November 30, 2011, the Debtor's bankruptcy proceeding was converted to Chapter 7, and Joseph Braunstein became the Chapter 7 Trustee.

## ARGUMENT

### GREEN'S ALLEGED LIEN ON THE RANTOUL STREET PROPERTY IS UNENFORCEABLE.

The Complaint in this Adversary Proceeding serves as the Trustee's objection to Green's Proof of Claim, by which he asserts a secured claim to enforce the Mortgage on the Rantoul Street Property, which constitutes property of the Debtor's estate. The obligation secured by the Mortgage is that set forth in the 1999 Note. As demonstrated below, based upon the undisputed material facts of record, Green cannot enforce the 1999 Note, and therefore is unable to assert such a claim secured by the Mortgage. Moreover, Green cannot rely solely upon the Mortgage as the basis for its secured claim against the Rantoul Street Property, in the absence of a valid underlying obligation, as is the case here.

> **A.  Green Is Not Entitled To Enforce The 1999 Note, For Which The Mortgage On The Rantoul Street Property Purports To Provide Security.**
>
> **1.  Green Cannot Enforce The 1999 Note, Pursuant to G.L. c.106, §3-309(a), Because He Was Never In Possession Of the Original Instrument.**

Green's alleged lien against the Rantoul Street Property is unenforceable because Green is not entitled to enforce the 1999 Note, for which the Mortgage purports to provide security. Massachusetts General Laws Chapter 106, §3-309(a) provides in relevant part with respect to enforcement of lost instruments:

> A person not in possession of an instrument is entitled to enforce the instrument if (i) <u>the person was in possession of the instrument and entitled to enforce it when loss of possession occurred</u>, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process [emphasis added].

4

The failure to establish title to enforce an instrument under §3-309(a) is fatal to standing as a creditor. Premier Capital, LLC v. Gavin (In re Gavin), 319 B.R. 27, 32 (1st Cir. BAP 2004). Without an enforceable obligation against a debtor, a purported creditor has no claim and lacks standing. Id.

The 1999 Note was lost sometime prior to May 15, 2006, when Hansbury was the holder. Green, therefore, was not "in possession of the instrument and entitled to enforce it when the loss of possession occurred," and cannot satisfy the first of the conjunctive requirements for enforcement of the 1999 Note, a lost instrument, set forth in G.L. c.106, §3-309(a). Similarly, CPIC had no ability to enforce the 1999 Note after Hansbury purportedly assigned it, because it similarly was never in possession of the instrument. CPIC consequently lacked the ability to assign to Green the right to enforce the 1999 Note.

While secondary evidence may in some instances be admitted to prove the terms of a document that was "lost with no serious fault of its proponent," see, e.g., Capitol Bank & Trust Co. v. Richman, 19 Mass. App. Ct. 515 (1985), this common law exception to the best evidence rule is superseded where, as here, Article 3 specifically governs a situation. Marks v. Braunstein, 439 B.R. 248, 251-52 (D. Mass. 2010) ("The purpose of the possession requirement in Article 3 is to protect the Debtor from multiple enforcement claims on the same note," *citing* Gavin, 319 B.R. at 33).

### 2. The Original Note Is Not Affixed To the Allonge, Which Green Consequently Cannot Enforce.

Assuming that Green is in possession of the original Allonge, the absence of the original 1999 Note is also fatal to enforcement of the Allonge, as an instrument secured by the Mortgage. In re Shapoval, 441 B.R. 392 (Bankr. D. Mass. 2010) (allonge must be affixed to original instrument); see also In re Thomas, 447 B.R. 402, 411 (Bankr. D. Mass. 2011). While the 1998

5

amendment to G.L. c.106, §3-202 was intended to liberalize the utilization of an allonge by permitting the use of a separate sheet regardless of whether the original document has space remaining for further indorsements, it is well-settled that the amendment also maintained the requirement that an allonge be affixed to the <u>original</u> instrument.  In re Shapoval, 441 B.R. at 393-94, *citing* <u>Dyck–O'Neal v. Pungitore</u>, 60 Mass. App. Ct. 1109 (2003) (applying the pre-1998 statute but suggesting, under those facts, the result would be identical under the amendments); <u>In re Weisband</u>, 427 B.R. 13, 19 (Bankr. D. Ariz. 2010) (finding under an identical Arizona provision that an unattached allonge that was not included with a proof of claim and later submitted did not sufficiently prove a creditor's holder in due course status required to obtain relief from the automatic stay); <u>Big Builders, Inc. v. Israel</u>, 709 A.2d 74, 76 (D.C. 1998) (finding under an identical District of Columbia provision that the language change from "firmly affix" to "affix" still requires physical attachment).

It is undisputed that the original 1999 Note was lost, and therefore undisputed that the original 1999 Note is not attached to the Allonge, which Green consequently cannot enforce.

### B. **The Mortgage Is Not Independently Enforceable Because Green Cannot Enforce the 1999 Note, For Which the Mortgage Provides Security.**

Green argues that even if he cannot enforce the 1999 Note, he has a valid secured claim as assignee of the Mortgage on the Rantoul Street Property.  Without a valid promissory note, however, a mortgage is generally not enforceable.  <u>JPMorgan Chase & Co., Inc. v. Casarano</u>, 81 Mass. App. Ct. 353, 355-56 (2012); <u>see</u> <u>Saunders v. Dunn</u>, 175 Mass. 164, 165 (1900) (mortgage not enforceable where underlying promissory note lacked consideration).  Under Massachusetts law, a mortgage is a "conveyance made for the purpose of <u>securing performance of a debt or obligation</u>" (emphasis added).  G.L. c. 260, § 35, as appearing in St.2006, c. 63, § 7.  See <u>Palmer v. Fowley</u>, 71 Mass. 545, 5 Gray 545, 547 (1856) ("The substance of the contract of mortgage is,

6

that if the debt is not paid, the mortgagee shall have the interest in the land, which his mortgagor had" [emphasis added]).

While "Massachusetts law permits interpretation of the mortgage *alone* to discover the intention of the parties and the extent of the security," see Chiodetti v. First Lake Corp. (In re Chiodetti), 163 B.R. 6, 10 (Bankr. D.Mass.1994), "[a] mortgage must secure an obligation," and in the absence of an obligation on an instrument secured by the mortgage, "the mortgage is a legal nullity because it does not support an obligation." In re D & S Contractors, Inc., 422 B.R. 1, 3-4 (Bankr. D. Mass. 2010). In D&S Contractors, the claimant bank had extended a loan to the Debtor, pursuant to a promissory note and secured by a mortgage on the Debtor's property. The note was not signed by the Debtor, but was instead executed by the Debtor's principal in his individual capacity only. The mortgage, in contrast, was signed by the Debtor's principal in his representative capacity. In D&S Contractors, the Court determined that the intention of the parties that the Debtor execute both the mortgage and note was frustrated by inadvertence or mistake. Based upon the agreed facts and the information set forth on the Debtor's Statement of Financial Affairs, that there was adequate consideration for both the note and the mortgage because of the principal's sole ownership of the Debtor corporation and the use of the loan proceeds by the Debtor to refinance the mortgaged property, the Bankruptcy Court reformed the note and mortgage to reflect that the obligation in the note was indeed intended to be secured by the mortgage.

Here, there is nothing of record to support that the existing Mortgage on the Rantoul Street Property secures any obligation other than the 1999 Note – which, as noted above, in unenforceable by Green as a matter of law. Here, unlike the facts of D&S Contractors, there is no identity between the original borrower and mortgagor (Murphy) and current owner of the

7

Rantoul Street Property (the Debtor) on the one hand, and the original lender (Hansbury) and the current claimant (Green) on the other hand.  While Green seeks to enforce a claim against the Debtor's property, based upon rights he claims to have acquired, for consideration, from CPIC, he provided no direct benefit to the Debtor as may have permitted recovery on a contract basis, as was the case in D&S Contractors.  Instead, his recovery rights against the Debtor are limited to that provided by the commercial paper he acquired, which as demonstrated above are unavailable to him.

In Marks v. Braunstein, 439 B.R. 248, 251-52 (D. Mass. 2010), a claimant sought to assert a secured claim against property of the estate.  There, the claimant had clearly been assigned a mortgage on the property by the Debtor, but did not have possession of the promissory note secured by the mortgage.  The claimant asserted that the recorded assignment of the mortgage was sufficient to establish his standing to enforce the underlying promissory note secured by the mortgage.  The Court determined that while the recording of the assignment of the mortgage to the claimant was conclusive, "the mortgage merely provides security for the underlying obligation.  It does not constitute evidence that [the claimant] ever possessed the Note, which is clearly required by § 3–309."  439 B.R. at 252.  See also In re Thomas, 447 B.R. 402, 412 (Bankr. D. Mass. 2011) (claimant may not rely on the recorded assignment of a mortgage as evidence that the note was transferred to it, even where the assignment purports to assign both the mortgage and the note, where MERS, which tracked the beneficial ownership and servicing of mortgages, was never the holder of the note, and therefore lacked the right to assign it).

## **CONCLUSION**

As demonstrated above, Green is not a holder of the 1999 Note, and is barred from enforcing it by virtue of G.L. c. 106, § 3-309(a).  Additionally, Green cannot enforce the Allonge

because the original 1999 Note is not affixed to it. The Mortgage does not form an independent basis for recovery against the estate, nor does it provide extrinsic proof of a claim against the estate evidenced by the 1999 Note. Consequently, Green does not possess an enforceable claim against the Debtor, and therefore the Chapter 7 Trustee's Motion for Summary Judgment should be allowed. Judgment should enter by way of a declaration under Count I of the Complaint that Green does not possess an enforceable claim against the estate, and that the Trustee's objection to Green's proof of claim should be sustained in full, as prayed for in Count III.

*Respectfully submitted this 4th day of April 2012.*

      JOSEPH BRAUNSTEIN, CHAPTER 7
      TRUSTEE OF HARBORHOUSE OF
      GLOUCESTER, LLC

      By his attorneys

      RIEMER & BRAUNSTEIN LLP,

      */s/Mark W. Corner*
      Mark W. Corner, BBO No. 550156
      Riemer & Braunstein LLP
      Three Center Plaza
      Boston, Massachusetts 02108
      Telephone: (617) 523-9000
      mcorner@riemerlaw.com

## **CERTIFICATE OF SERVICE**

I, Mark W. Corner, hereby certify that on April 4, 2012, I served a copy of the *MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT* by electronic notification on the following:

    Christopher M. Condon, Esquire
    Murphy & King, P.C.
    One Beacon Street
    Boston, Massachusetts 02108

      */s/Mark W. Corner*
      Mark W. Corner

1426638.1