# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | |
|---|---|
| IN RE:<br><br>HARBOR HOUSE OF GLOUCESTER, LLC,<br><br>Debtor. | Case No. 10-23078-HJB |
| JOSEPH BRAUNSTEIN, CHAPTER 7 TRUSTEE OF HARBORHOUSE OF GLOUCESTER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND C. GREEN, INC., AS TRUSTEE OF RAYMOND C. GREEN TRUST and CONNECT PLUS INTERNATIONAL CORPORATION,<br><br>Defendants. | Adversary Proceeding No. 11-1351 |

**MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION
BY RAYMOND C. GREEN, INC. TO PLAINTIFF'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Raymond C. Green, Inc. as Trustee of Raymond C. Green Trust, a defendant in the above-captioned proceeding ("RCG") hereby files this memorandum in support of its *Opposition by Raymond C. Green, Inc. to Plaintiff's Motion for Partial Summary Judgment* (the "Summary Judgment Motion") as filed by Joseph Braunstein, Chapter 7 Trustee of Harborhouse of Gloucester, LLC (the "Plaintiff").

RCG is the undisputed assignee of a holder of a certain promissory note (as further defined below, the "1999 Note") and a first-priority mortgage (as further defined below, the "Mortgage") on a certain piece of real property which is the sole asset of Harborhouse of Gloucester, LLC (the "Debtor"). By the Summary Judgment Motion, the Plaintiff seeks to strip RCG of its security interest and disallow any claim of RCG against the Debtor's estate solely on

the grounds that the 1999 Note was lost by its previous holder and accordingly, RCG is not entitled to enforce it under M.G.L. ch. 106 §3-309(a) ("Section 3-309(a)"). Because, RCG is the valid assignee of both the 1999 Note and Mortgage its rights under both are not defeated by the loss of the 1999 Note and it is entitled to enforce its claim against the Debtor's property. The Plaintiff's narrow argument in the Summary Judgment Motion ignores these legal rights in an effort to avoid recognizing the existence of a genuine issue of material fact or conceding that judgment should enter for RCG. Accordingly, the Plaintiff's Summary Judgment Motion should be denied.

## BACKGROUND[1]

1.  The Debtor filed a voluntary petition for relief on December 1, 2010 (the "Petition Date"). On or about December 1, 2011 the Plaintiff was appointed Chapter 7 Trustee of the Debtor's estate. The Debtor's sole asset is a certain piece of real property located at 90 Rantoul Street, Beverly, Massachusetts, which is improved by a mixed-use building containing a restaurant and two rental units (the "Property").

2.  On or about December 17, 1999, Timothy A. Murphy, the record owner of the Property ("Murphy") executed a certain Promissory in the original principal amount of $360,000 Note (the "1999 Note") to Philip J. Hansbury, Trustee of the 90 Rantoul Real Estate Trust ("Hansbury"). Contemporaneously, Murphy executed a certain *Mortgage and Security Agreement* granting to Hansbury a security interest in the Property to secure his obligations under the 1999 Note (the "Mortgage").

---

[1] The factual statements set forth in this memorandum are taken from the *Statement of Undisputed Facts in support Opposition by Raymond C. Green, Inc. to Plaintiff's Motion for Partial Summary Judgment* (the "Statement of Undisputed Facts") filed contemporaneously herewith. RCG reserves its rights to challenge, at trial and/or subsequent proceedings, facts that are, solely for the purposes of RCG's opposition, conceded in this memorandum.

2

3. The Debtor subsequently acquired the Property from Murphy pursuant to a certain *Quitclaim Deed* in 2004, which deed provided, among other things, the Debtor assumed all obligations secured by liens and encumbrances of record including the Mortgage.

4. In 2006, Hansbury assigned each of the 1999 Note and the Mortgage to Connect Plus International, Inc. ("CPIC"). Apparently, prior to the assignment to CPIC, Hansbury lost the original 1999 Note and on or about May 15, 2006 executed a certain *Affidavit of Lost Note* (the "Affidavit"), which included, as an attachment, a copy of the 1999 Note and attests, among other things, that:

    a. The original 1999 Note was lost;

    b. Hansbury was the holder of the 1999 Note;

    c. The balance due under the 1999 Note as of that date was $360,000;

    d. The 1999 Note was not transferred, and the obligations thereunder were not forgiven or otherwise discharged; and

    e. Hansbury was, as of the date of the Affidavit, transferring to CPIC, for consideration of $460,000, the 1999 Note and the Mortgage.

5. On or about March 9, 2007, CPIC executed a certain *Promissory Note* to RCG in the amount of $150,000 (the "2007 Note") and to secure its obligations under the 2007 Note, assigned to RCG its interest in the 1999 Note. Pursuant to the Allonge assigning the 1999 Note to RCG, the outstanding balance on the 1999 Note on March 9, 2007 was $602,557.73. CPIC also *separately assigned* the Mortgage to RCG.

6. Pursuant to a December 2, 2009 agreement between CPIC and RCG, the 1999 Note also secures the obligations of Robert E. Lockwood and Catfish Realty Trust under a certain promissory note to Gloucester Bank and Trust (the "2001 Note"). As of the Petition Date, the obligations to RCG under the 2001 Note and 2007 totaled approximately $315,000 in the aggregate.

3

7. RCG foreclosed on its interest in the 1999 Note and related collateral at a secured party sale on February 17, 2011.

8. On or about April 13, 2011, RCG filed a motion for relief from stay setting forth the relevant facts relating to its claim. On or about November 3, 2011, RCG timely filed a proof of claim on account of obligations under the 1999 Note as secured by the Mortgage (the "RCG Claim").

9. On December 16, 2011, the Plaintiff filed a complaint initiating this proceeding (the "Complaint"), which seeks, among other things declaratory judgment under 28 U.S.C §§2201, *et seq*. with respect to whether RCG has a secured claim against the Property pursuant to Count I thereof and a determination with respect to the amount of the RCG Claim, and the extent which any such claim is secured by an interest in property of the Debtor's estate pursuant to Count III.

10. On February 17, 2012, RCG filed an answer to the Complaint, denying the Plaintiff's allegations with respect to the RCG Claim and the respective prayers for relief and asserting an affirmative defense on the basis of the Mortgage.

11. On April 4, 2012, the Plaintiff filed the Summary Judgment Motion seeking summary judgment with respect to Counts I and III of the Complaint requesting that the Court enter an order determining that RCG does not possess an enforceable claim against the estate and sustaining the Plaintiff's objection to the RCG Claim, denying such claim in its entirety.

## ARGUMENT

A. **Summary Judgment Standard**.

In order to prevail on the Summary Judgment Motion, the Plaintiff must demonstrate that there exists "no genuine issue as to any material fact" *and* that he "is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed.R.Bank.P. 7056. "The role of summary judgment is to pierce the boilerplate of the pleadings and to provide a means for prompt disposition of cases which no trial-worthy issue exists." *Quinn v. City of Boston*, 325 F.3d 18-28 (1st Cir.2003) *citing Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir.2000).

The Plaintiff can demonstrate neither prong of Rule 56. To the extent that the Plaintiff contests either that Hansbury's rights under the 1999 Note were not properly assigned to RCG or that the Mortgage is invalid because there is no evidence of a valid underlying obligation, RCG contests those facts and has submitted extensive evidence in support of the RCG Claim. Because such facts could be resolved in favor of either the Plaintiff or RCG, they give rise to a genuine issue; because such facts have the potential of affecting the outcome of this proceeding, they are material. Accordingly, to the extent they are disputed by the Plaintiff, RCG is entitled to a trial on those issues. *See, Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975) *quoting First National Bank of Arizona v. Cities Service Co., Inc.*, 391 U.S. 253 289 (1968). *See also, Calero-Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 19 (1st Cir.2004) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-250 (1986). Moreover the Plaintiff cannot demonstrate that he is entitled to judgment as a matter of law because Section §3-309(a) does not preclude RCG from enforcing the 1999 Note as assignee of Hansbury's rights thereunder. To any extent Section 3-309(a) is deemed to impair RCG's rights, such limitations are not dispositive of RCG's rights to separately

5

enforce its rights under the Mortgage. Accordingly, the Summary Judgment Motion should be denied.

**B.    The 1999 Note Was Validly Assigned to RCG and Is Enforceable by RCG as the Assignee.**

As the secondary transferee from Hansbury of the 1999 Note, RCG holds the same rights as Hansbury with respect to that note and is entitled to enforce it. The Plaintiff, by limiting his argument to Section 3-309(a) as to RCG, ignores the other tenets of Massachusetts law both within the Commercial Code and those intended to supplement it, which uniformly provide, consistent with common-law principles, that an assignee stands in the shoes of the assignor with respect to both the assignor's rights and any defenses thereto. *See e.g. Ford Motor Credit Co. v. Morgan*, 404 Mass. 537, 545, 536 N.E.2d 587 (1989); *Duxbury v. Roberts, et al.*, 388 Mass. 385, 446 N.E.2d 401 (1983).

In *Beal Bank, S.S.B. v. Caddo Parish-Villas South, Ltd.*, the United States District Court for the Northern District of Texas determined, under a provision of the Louisiana Commercial Code identical to Section 3-309(a), that because the assignor (Hansbury) of a lost note could comply with Section 3-309(a), the assignee (RCG) could enforce such lost note. 218 B.R. 851, 855 (D. Tex. 1998). In that case, Beal Bank was the assignee, from the Department of Housing and Urban Development ("HUD"), of a certain lost promissory note which it sought to enforce under its claim in a Chapter 11 bankruptcy proceeding. *See id*. at 852. At the time of the transfer to Beal Bank, HUD could not locate the original note, but had previously been in possession of such note and warranted, under oath, that it could not locate the note, but that it had not assigned, transferred or sold the note prior to the transfer to Beal Bank. *See id*. The District Court found that Beal Bank was a valid assignee of the lost note under applicable Louisiana law, as intended to supplement the Commercial Code under Section 1-103 thereof. *Id*.

6

at 855. Because HUD met the requirements of Section 3-309(a) and Beal demonstrated the terms of the lost note under Section 3-309(b) by presenting a copy of the same, the Court ruled that Beal Bank could enforce the note. *Id*.

The circumstances of the *Beal Bank* decision are on-all-fours with those presented here. The Affidavit satisfies the requirements of Section 3-309(a) in that it warrants that Hansbury is the holder of the 1999 Note and that such note was lost, but was not transferred or assigned to any other party prior to the assignment to CPIC. Moreover, because a copy of the 1999 Note is attached to the Affidavit, the terms of the note are known and the obligation evidence by the 1999 Note is enforceable under Section 3-309(b). In contrast, the authority relied upon by the Plaintiff is clearly distinguishable from the case at issue. *See Premier Capital, LLC v. Gavin (In re Gavin)*, 319 B.R. 27 (1st Cir. B.A.P. 2004) (determining plaintiff in dischargeability action had no standing to prosecute such action notwithstanding that it was in possession of an original promissory note when plaintiff could not demonstrate that such note had been validly assigned to it); *Marks v. Braunstein*, 439 B.R. 248 (D. Mass. 2010) (denying claim of purported noteholder when such noteholder had been in possession of the original note, but failed in the context of a claim objection, to produce such note or evidence of his ability to meet the requirements of Section 3-309(a)).

The Plaintiff has presented a narrow challenge to RCG's rights relying entirely upon the fact that RCG was not in possession of the 1999 Note when it was lost. He has not challenged, nor could he, Hansbury's right as the original holder of the 1999 Note to enforce such note under Section 3-309(a) and the Plaintiff's Summary Judgment Motion fatally fails to address whether Hansbury's rights pass to RCG as the valid assignee.

As provided in Section 1-103 thereof, substantive legal and equitable principles contained in Massachusetts law are intended to supplement the Commercial Code. RCG can and has demonstrated that it is the assignee of the 1999 Note from CPIC – facts which the Plaintiff has not challenged in his Summary Judgment Motion because to do so would create a genuine issue of material fact. Accordingly, consistent with the principles of Massachusetts common law, RCG succeeds to the rights of Hansbury under the 1999 Note and entitled to enforce it.

C. **RCG Holds a Valid and Enforceable Claim Against the Estate as the Assignee of the Mortgage.**

Even if Section 3-309(a) impairs RCG's rights to enforce the 1999 Note, RCG is the holder of a first priority security interest in the Property on account of the assignment of the Mortgage to it and my enforce those rights separate and apart from any requirements under Section 3-309(a). Under Massachusetts law, "a mortgage is a 'conveyance for the purpose of securing performance of a debt or obligation.'" *See J.P. Morgan Chase & Co., Inc. v. Casarano*, 81 Mass. App. Ct. 353, 355-56 (2012) quoting M.G.L. ch. 260 §35. It has long been recognized in the Commonwealth that such a conveyance creates a liability of the property owner so long as there is a demonstrable underlying obligation. *See e.g.*, *In re Marron*, 455 B.R. 1, 6 (Bankr. D. Mass. 2011) *citing U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 653, 941 N.E.2d 40, 54 (2011); *In re D&S Contractors, Inc.*, 422 B.R. 1, 4-5 (Bankr. D. Mass. 2010) *citing Perry v. Miller*, 330 Mass. 261, 263, 112 N.E.2d. 805 (1953).

Moreover, a mortgage may *only* be defeated if it is demonstrated that such mortgage was granted *without* consideration. *See e.g. Saunders v. Dunn*, 175 Mass. 164, 165 (1900). In this case, there is neither evidence nor allegation that the debt evidenced by the 1999 Note does not exist. Nor is there any dispute with respect to the terms of the debt. The Mortgage contains reference to the 1999 Note, specifying the terms of the obligation secured by the Mortgage and

8

the Affidavit contains a copy of the 1999 Note.  Accordingly, the terms of the obligation are clear, and establish the existence of a debt underlying the Mortgage.  *Cf. JPMorgan Chase & Co., Inc. v. Casarano,* 81 Mass. App. Ct. at 355-56 (finding that, where the terms of the promissory note underlying a mortgage could not be determined, the enforceability of any obligation secured by the mortgage could not be ascertained).  Again, the Plaintiff does not deny the existence of the debt because to do so would create a genuine issue of material fact.  Instead the Plaintiff is addressing the very narrow issue of whether RCG can enforce the 1999 Note as opposed to the obligation of which the Note is evidence thereof.

The Plaintiff fails to cite to any authority for the proposition that because RCG was not in possession of the original 1999 Note at the time it was lost, the Mortgage does not secure an existing obligation and the RCG Claim should be denied in its entirety.  In contrast, the authority relied upon by the Plaintiff with respect to the Mortgage is clearly distinguishable.  In each case, the mortgagee failed to establish the terms or validity of any underlying debt.  *See Marks v. Braunstein*, 439 B.R. at 251 (determining that the assignment of the mortgage to the claimant was insufficient to establish the claimant's right to enforce the terms of the underlying promissory note); *JP Morgan Chase & Co., Inc. v. Casarano*, 81 Mass. App. Ct. at 355-56.

## CONCLUSION

As a matter of law RCG has an interest in the Property and a right to enforce the RCG Claim.  RCG has provided evidence as to the assignment to it of both the 1999 Note and the Mortgage.  The Plaintiff has not disputed these facts.  As assignee of the lost 1999 Note from Hansbury, RCG is entitled to enforce the 1999 Note.  Moreover, notwithstanding any effect of Section 3-309(a) upon those rights, RCG has clearly evidenced the existence of an obligation secured by the Mortgage that has been separately assigned to RCG.  To any extent that the

9

Plaintiff seeks to challenge either that the 1999 Note was assigned to RCG or that the consideration granted in connection with the pledge of the 1999 Note and the assignment of the Mortgage, RCG contends that such facts are genuine, material and subject to dispute by the parties, entitling RCG to trial. Accordingly, the Summary Judgment Motion should be denied.

WHEREFORE, the Trustee requests that this Court enter an order:

(a) Denying the Summary Judgment Motion; and

(b) Granting such other and further relief as the Court deems necessary and proper.

Respectfully Submitted,

RAYMOND C. GREEN, INC.
By its counsel,

Murphy & King, Professional Corporation,

 */s/ Christopher M. Condon*
Christopher M. Condon (BBO# 652430)
MURPHY & KING, Professional Corporation
One Beacon Street, 21st Floor
Boston, Massachusetts 02109
Phone: (617) 423-0400
Fax: (617) 423-0498
Email: cmc@murphyking.com

Dated: May 25, 2012

626597